## HUBBELL v. LANKENAU.

(Circuit Court, E. D. Pennsylvania. October 23, 1894.)

### No. 23.

1. **EQUITY PRACTICE—FORM OF DECREE.**
   An opinion filed dismissing a bill, with costs, without a formal decree attached thereto, becomes, in effect, such a decree upon the acquiescence of complainant for a period of nearly 12 years.
2. **SAME—BILL OF REVIVOR—LACHES.**
   A bill of revivor will be stricken from the record, on motion, after the lapse of 12 years of inaction from the date of the last proceeding.
3. **SAME—ENTRY OF DECREE.**
   It is the duty of the party desiring the allowance of an appeal to prepare the form of a decree, and not of the court or the adverse party.

This was a motion to strike a bill of revivor from the record. The original suit was begun on January 4, 1881, by the filing of a bill in equity. On January 23, 1882, an opinion was filed by BUTLER, District Judge (McKENNAN, Circuit Judge, concurring) dismissing the bill, with costs. There was no formal decree made. The next proceeding in the case was on October 12, 1894, when the bill of revivor in question was filed.

Samuel Dickson, for the motion, advanced the following reasons upon argument before the court:

(1) Because, at the time of filing the bill of revivor, no suit was pending, the original suit having been settled and ended by the filing of an opinion and the entry upon the docket that the suit was dismissed, with costs. (2) Because the plaintiff had been guilty of unreasonable laches. (3) Because the claim set forth in the original bill of complaint would have been barred by the statute of limitations within six years from the date of the last transaction. If the plaintiff had a new cause of action at the time of filing the opinion, it would have been barred within six years from that date, and no amendment or bill of revivor can be filed introducing a new cause of action. (4) Because the plaintiff had his attention called to the state of the record within less than two years from the filing of the opinion, and, having acquiesced therein, should not now be allowed to appeal from the final decree of the court. (5) Because a court of equity considers that done which ought to have been done, and disregards purely formal mistakes or omissions, and the declaration in the opinion filed of record, and in the decree upon the docket, constitutes, in substance, a final decree. (6) Because the formula prescribed in the rule of court for the formal decree was only intended to obviate the necessity of repeating in the body of the decree the pleadings already filed of record. The entry upon the docket is substantially equivalent, and, having been acquiesced in for more than double the period of time necessary to bar any claim at law, it is not now competent for the plaintiff to avoid its effect.

Chas. C. Townsend, J. B. Townsend, Jr., and F. P. Dewees, opposed.

The only entry upon the docket is of an opinion filed dismissing the bill, with costs. It is not even an order, and far less a decree. Even if a

decree has been made, the suit would still be lis pendens until the decree was a finality. Benn. Lis Pendens, p. 58. Lis Pendens is not destroyed by mere lapse of time. Id. p. 185, and cases. It was not the duty of plaintiff, being the losing party, to draw a decree to submit to the court for the purpose of obtaining the allowance of an appeal. If there is any laches, such laches is either with the court or the defendants. The new cause of action is claimed. This is simply a bill of revivor of a case which is lis pendens.

BUTLER, District Judge. The bill is filed under No. 56 of the equity rules. Is there a suit pending? This is the only question. I think there is not. First, because under the circumstances the court's act in ordering a dismissal of the bill should be treated as a final disposition of it; and if not, then second, because the plaintiff abandoned the suit.

After the lapse of such a period of inaction the plaintiff should be regarded as having treated the court's order as final—the informal decree as a formal one. In effect the court ordered the bill dismissed, as the record shows; the formal decree would have signified no more. If the plaintiff desired to proceed further it was his duty to put the decree in form; it was not the duty of the court or its clerk. The defendant needed nothing more unless he chose to proceed for costs—which the record indicates would have been fruitless.

Besides, the circumstances justify, and require, a conclusion that the plaintiff abandoned the suit. How else can his conduct be accounted for? The lapse of such a period of inaction, unexplained, would of itself in any case be sufficient evidence of abandonment. Such inaction for a fourth the time in ordinary cases justifies dismissal of bills for want of prosecution. Under the circumstances of this case the conclusion of abandonment is unavoidable. An issue was raised testimony taken, and judgment rendered. The purpose of the suit was accomplished—though the result may have been disappointing. The plaintiff acquiesced for twelve years. True he communicated with the clerk about an appeal and learned that the decree was not in form. Instead of putting it in form, as was his duty if he desired further proceedings, he rested ten years longer and now asks the court to treat the suit as pending, that he may renew the litigation. I repeat the conclusion that he acquiesced in the judgment pronounced and abandoned the suit, is unavoidable. It would not be more so if he had rested ten years longer.

Aside from these considerations, however, the delay is fatal. After such a period of inaction the revival of the suit and renewal of the litigation would be grossly inequitable.

The motion is sustained.